UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

**CIVIL ACTION NO. 7:23-CV-56-KKC**

**UNITED STATES OF AMERICA**                                                        **PLAINTIFF**

V.       **DEFAULT JUDGMENT AND FINAL DECREE OF FORFEITURE**

**REAL PROPERTY KNOWN AS 7279 HWY. 15,
ISOM, LETCHER COUNTY, KENTUCKY, and
$15,395.00 IN U.S. CURRENCY**                             **DEFENDANTS**

\* \* \* \* \* \*

WHEREAS, on July 21, 2023, the United States filed a Verified Complaint for Forfeiture In Rem [DE 1] against the Defendant property, real property known as 7279 Hwy. 15, Isom, Letcher County, Kentucky (the "Real Property"), and $15,395.00 in U.S. currency (the "Currency"), seeking its forfeiture pursuant to 18 U.S.C. § 1955(d) as property used in violation of 18 U.S.C. § 1955(a), which prohibits conducting, financing, managing, supervising, directing, or owning an illegal gambling business;

WHEREAS, process was fully issued in this action and returned in accordance with the law in the following manner:

a) The Clerk of Court issued a Warrant of Arrest In Rem [DE 4] on or about July 21, 2024, which was executed by the custodian of the Currency, pursuant to Supplemental Rule G(3)(b) and (c) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions [*see* Process Receipt, DE 17-2];

b) The United States posted a notice of this forfeiture action on the Real Property on or about August 11, 2023, pursuant to 18 U.S.C. § 985(c)(1)(B) [*see* Process Receipt attached as an exhibit to the United States' Motion];

c) The United States provided direct notice of this civil forfeiture action, pursuant to Supplemental Rule G(4)(b) and 18 U.S.C. § 985(c)(1)(C), by delivering the same and a copy of the Verified Complaint for Forfeiture In Rem to counsel for Robert Baker, the owner of the Real Property by inheritance, on August 2, 2023 [Affidavit, DE 17-2 at ¶ 4]; and

d) The United States published notice of this civil forfeiture action for thirty consecutive days on an official government internet site (www.forfeiture.gov), pursuant to Supplemental Rule G(4)(a) [Declaration of Publication, DE 17-2 at Ex. 1];

WHEREAS, pursuant to Supplemental Rule G(5)(a) and (b), any and all persons interested in the Currency were required to file a claim to it no later than thirty days after written notice was delivered or by no later than sixty days after the first day of publication of notice on the official internet government forfeiture site, which time periods have expired;

WHEREAS, Robert Baker timely filed a claim to the Real Property [Verified Claim, DE 6] and Answer [DE 7] in this action;

WHEREAS, the United States and Robert Baker entered into a Settlement Agreement [DE 15-1], whereby Baker agreed to pay, and has paid to the United States, $70,000 in lieu of the forfeiture of the Real Property and agreed to the forfeiture of the Currency to which he never made a claim;

WHEREAS, no other claims were filed to the Defendant properties, the time for so filing has expired, and no further extensions of these time limits have been requested, consented to, or granted;

AND WHEREAS, on December 18, 2024, the Clerk of the Court made an Entry of Default [DE 18] against the Currency and all persons claiming an interest therein, including but not limited to Robert Baker,

NOW, THEREFORE, the United States having moved for entry of a default judgment and final order of forfeiture, and the Court being otherwise sufficiently advised, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. A default judgment is hereby entered against the Currency and all persons claiming an interest therein, including but not limited to Robert Baker.

2. A final order of forfeiture also is entered against the $70,000 as cash-in-lieu of the forfeiture of the Real Property.

2. The Currency and $70,000 cash-in-lieu payment are hereby forfeited to the United States and no right, title, or interest in them shall exist in any other party.

3. The forfeited property shall be disposed of in accordance with the law.

4. No additional action is required, and this matter shall be dismissed and stricken from the active docket.

This 8th day of January, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY